# EXHIBIT 3

*Crystal Lagoons*

## NON-DISCLOSURE AGREEMENT

**BETWEEN:**

1.      **Crystal Lagoons US Corp.** a company duly organized and existing under the laws of the State of Delaware having its principal place of business at 2 Alhambra Plaza, Penthouse 1B, Coral Gables, Florida 33134 ("**Crystal Lagoons**"); and

2.      **Desert Color St. George, LLC**, a company duly organized and existing under the laws of [ Utah] having its principal place of business at 730 North 1500 West, Orem, Utah 84057 ("**Company**"); collectively referred to as "**Parties**" and individually as "**Party**".

**WHEREAS:**

i.   Crystal Lagoons is part of the Crystal Lagoons group, which has developed and owns several technologies which include know-how, systems, techniques and methods of construction, hydraulic systems and techniques, designs, plans, drawings, tools, materials such as liner, equipment, systems and methods of telemetry control, software, water treatment methods, additives and chemicals, mechanisms and vacuum systems, including a bottom-cleaning cart, boats, trademarks, business model, look-and-feel, domain names and distinctive marks, logos, and other elements and related infrastructure, which have been protected by privileges of Industrial Property, Intellectual Property and/or trade secrets, which allow one to design, build, operate and maintain artificial crystal clear water lagoons and floating crystal clear water lagoons, and to maintain and treat bodies of water, with recreational and industrial purposes, including industrial cooling applications, industrial water treatment, treatment of water for desalination, infiltration, for use in mining applications in heating, air conditioning and refrigeration, among other recreational or industrial purposes (the "**Technology**").

ii.  The Company provides real estate development services.

iii. In the course of dealings, the Parties may disclose Confidential Information to each other.

iv.  Confidential Information disclosed between the Parties (or their subsidiaries and affiliates) will not jeopardize or relinquish their proprietary rights.

**IT IS HEREBY AGREED** as follows:

1. In this Agreement:

   "**Confidential Information**" means all information (whether marked as Confidential or not) in any media including, but not limited to, all rendering, sketches, drawings, economic proposals, business model, data, know-how, formulae, processes, designs, documents, software, programs, photographs and other material related to the dealings between the parties, the business affairs or products of the Disclosing Party, its customers, clients and business associates disclosed by the Disclosing Party from time to time. Any information created by Recipient using any part of the Confidential Information shall also be Confidential Information. Any and all information relating to the Technology is also Confidential Information.

   "**Disclosing Party**" means the party (or its subsidiaries and affiliates) disclosing Confidential Information.

   "**Recipient**" means party (or its subsidiaries and affiliates) receiving Confidential Information.

   "**Purpose**" means to evaluate the potential execution of an agreement.

2. In consideration of the disclosure of Confidential Information, Recipient shall (whether acting by its officers, agents, employees or otherwise):

   2.1  not publish or disclose Confidential Information (or any part) to any third party without prior written consent of the Disclosing Party;

   2.2  not disclose Confidential Information (or any part) to any of its employees other than those who must know for Recipient to carry out its business with the Disclosing Party;

   2.3  keep secure and confidential the Confidential Information and not copy any part (or convert into an alternative format) without prior written consent of the Disclosing Party; and

   2.4  only use Confidential Information in accordance with the Purpose.

3. The following shall not constitute "Confidential Information":

   3.1  Information which is, at the time of disclosure or which subsequently becomes, freely available in the public domain not as a result of breach of this Agreement;

   3.2  Information which the Recipient can show that it is known to it prior to the time of disclosure;

3.3 Information which is disclosed to Recipient in good faith by a third party not bound by duty of confidentiality; or

3.4 Information which the Recipient is required to disclose by:
  (i) law or statutory body; or
  (ii) order by any court.

4. If Recipient becomes legally compelled to disclose Confidential Information pursuant to clause 3.4, it shall, as permitted by applicable law, provide the Disclosing Party five (5) days´ notice prior to disclosure, so Disclosing Party may take appropriate measures.

5. These obligations shall remain in full force and effect until information ceases to qualify as Confidential Information in accordance with Clause 3.

6. Upon the written request of the Disclosing Party, the Recipient agrees to the extent practicable to: (a) return to the Disclosing Party all documents (whether paper or electronic) containing Confidential Information  provided to the Recipient by or on behalf of the Disclosing Party; (b) destroy all copies of any analyses, memoranda or other documents (whether paper or electronic) derived from the Confidential Information provided to the Recipient by or on behalf of the Disclosing Party; or (c) expunge all Confidential Information provided to the Recipient by or on behalf of the Disclosing Party from any computer, word processor or other device containing such information.

7. This Agreement neither grants a license nor transfers any patents, copyright, trademark, ideas, brand or other intellectual or industrial property right held by Crystal Lagoons or Crystal Lagoons' business group. The Technology, as well as any update, discovery and/or improvement, and any and all developments, ideas, concepts, inventions, patents, copyrights and any other type of intellectual/industrial property derived from the Technology or Confidential Information of Crystal Lagoons or from the use and/or exploitation of the Technology or the Confidential Information of Crystal Lagoons or of any of the components of the Technology or Confidential Information of Crystal Lagoons, are the property of and shall inure to the sole benefit of the Crystal Lagoons business group. The Company shall have no right to use the Confidential Information of Crystal Lagoons except as expressly provided herein.

8. Neither Party shall use the other's name or trademark, unless authorized in writing. Recipient may not imply or represent that it has any mandate or representation powers from the Disclosing Party.

9. This Agreement will be binding on the parties, their affiliates, successors, and assigns.

10. The construction, validity and performance of this Agreement shall be governed by the laws of State of New York, except with regard to its conflict of law principles.


Signed for and on behalf of

**Crystal Lagoons US Corp**

By: _LisA L. Moore_
Date: _12-8-17_

Signed for and on behalf of

DESERT COLOR, ST. GEORGE, LLC

Brook Cole, Manager
Desert Color Manager, LLC

Date: 12/8/17

2