Jared Braithwaite (Utah Bar No. 12455)
  jbraithwaite@mabr.com
Alexis K. Juergens (Utah Bar No. 16861)
  ajuergens@mabr.com
MASCHOFF BRENNAN
111 S. Main Street, Ste. 600
Salt Lake City, Utah 84111
(801) 297-1850

R. Parrish Freeman (Utah Bar No. 7529)
  pfreeman@mabr.com
MASCHOFF BRENNAN
1389 Center Dr., Ste. 300
Park City, Utah 84098
(435) 252-1360

Attorneys for Defendants Desert Color St. George, LLC;
Desert Color Manager, LLC; and Pacific Aquascape International, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Crystal Lagoons U.S. Corp.**, and **Crystal Lagoons Technologies, Inc.**, <br><br> Plaintiffs, <br><br> v. <br><br> **Desert Color Manager, LLC**; **Desert Color St. George, LLC**; **AJ Construction, Inc.**; **Cole West Home, LLC**; **Holmes Homes, Inc.**; **Sullivan Homes, LLC**; and **Pacific Aquascape International, Inc.**, <br><br> Defendants. | Civil No. 2:20-cv-00851-BSJ <br><br> **Desert Color Manager, LLC, Desert Color St. George, LLC, and Pacific Aquascape International, Inc.'s Answer, Defenses, and Counterclaims in Response to Plaintiffs' First Amended Complaint** <br><br> District Judge Bruce S. Jenkins |

1

# ANSWER

Defendants Desert Color Manager, LLC; Desert Color St. George, LLC (collectively, "Desert Color"); and Pacific Aquascape International, Inc. ("Pacific Aquascape") (Desert Color and Pacific Aquascape collectively, "Defendants" and "Counterclaimants") hereby answers the allegations of, and asserts defenses to the purported claims asserted in the First Amended Complaint ("Complaint"; Docket Nos. 79 and 81 ) filed on February 2, on behalf of Plaintiffs Crystal Lagoons U.S. Corp. and Crystal Lagoons Technologies, Inc. (collectively, "Crystal Lagoons"), as follows:

## The Parties[1]

1.      Defendants admit on information and belief that Crystal Lagoons U.S. Corp. is a Delaware corporation. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of paragraph no. 1 of the Complaint, and therefore denies them.

2.      Defendants admit on information and belief that Crystal Lagoons Technologies Inc. is a Delaware corporation. Defendants lack knowledge or

---

[1] For ease of reference, Defendants include in their answer the same headings that are sued by Crystal Lagoons in its Complaint, but by doing so Defendants do not admit either (a) that any of the information conveyed by the headings is accurate or (b) any liability or wrongdoing by Defendants.

information sufficient to form a belief about the remaining allegations of paragraph no. 2 of the Complaint, and therefore denies them.

3.     Defendants admit the allegations of paragraph no. 3 of the Complaint.

4.     Defendants admit the allegations of paragraph no. 4 of the Complaint.

5.     Defendants admit on information and belief that AJ Construction, Inc. is a Utah corporation. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of paragraph no. 5 of the Complaint, and therefore denies them.

6.     Defendants deny the allegations of paragraph no. 6 of the Complaint.

7.     Defendants admit on information and belief that Holmes Homes, Inc. is a Utah corporation. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of paragraph no. 7 of the Complaint, and therefore denies them.

8.     Defendants deny the allegations of paragraph no. 8 of the Complaint.

9.     Defendants admit the allegations of paragraph no. 9 of the Complaint.

## Jurisdiction

10.     Defendants admit that the Complaint purports to set forth claims for trademark infringement, unfair competition, and false advertising under the Lanham Act; violation of the Utah Truth in Advertising Act; breach of contract;

common law unjust enrichment, and patent infringement under the patent laws of the United States. Defendants deny the remaining allegations of paragraph no. 10 of the Complaint.

11.     Defendants admit that this Court has subject matter jurisdiction.

12.     Defendants admit the allegations of paragraph 12 of the Complaint.

13.     Defendants admit that venue is proper in this District for the claims against them.

## Background

14.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 14 of the Complaint, and on that basis denies them.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 15 of the Complaint, and on that basis denies them.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 16 of the Complaint, and on that basis denies them.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 17 of the Complaint, and on that basis denies them.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 18 of the Complaint, and on that basis denies them.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 19 of the Complaint, and on that basis denies them.

20.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 20 of the Complaint, and on that basis denies them.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 21 of the Complaint, and on that basis denies them.

22.     Defendants deny the allegations of paragraph no. 22 of the Complaint.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 23 of the Complaint, and on that basis denies them.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 24 of the Complaint, and on that basis denies them.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 25 of the Complaint, and on that basis denies them.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 26 of the Complaint, and on that basis denies them.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 27 of the Complaint, and on that basis denies them.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 28 of the Complaint, and on that basis denies them.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 29 of the Complaint, and on that basis denies them.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 30 of the Complaint, and on that basis denies them.

**Crystal Lagoons' Intellectual Property**

31.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 31 of the Complaint, and on that basis denies them.

32.     Defendants admit that the United States Patent and Trademark Office issued U.S. Patent No. 8,062,514 ("'514 Patent") and that the '514 Patent purports to claim priority to U.S. patent application no. 11/819,017 and application no. 3225-2006 filed in Chile. Defendants deny the remaining allegations of paragraph no. 32 of the Complaint.

33.     Defendants admit that the assignment records of the United States Patent and Trademark Office reflect a purported assignment of the '514 Patent to Crystal Lagoons (Curacao) B.V. dated March 8, 2013. Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the remaining allegations of paragraph no. 33 of the Complaint, and on that basis denies them.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 34 of the Complaint, and on that basis denies them.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 35 of the Complaint, and on that basis denies them.

36.     Defendants admit that a copy of the '514 Patent appears to be attached to the Complaint as Exhibit 1.

37.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 37 of the Complaint, and on that basis denies them.

37.1.     Defendants admit that the United States Patent and Trademark Office issued U.S. Patent No. 9,708,822 and that it purports to claim priority to U.S. patent application no. 11/819,017 and application no. 3225-2006 filed in Chile. Defendants deny the remaining allegations of paragraph no. 37.1 of the Complaint.

37.2.     Defendants admit that the United States Patent and Trademark Office issued U.S. Patent No. 8,753,520 and that it purports to claim priority to U.S. patent application no. 13/955,699 and to PCT/EP2012/076170.

Defendants deny the remaining allegations of paragraph no. 37.2 of the Complaint.

38.     Defendants admit that "crystal lagoons" describes lagoons with crystalline blue, crystal-clear waters. Defendants deny that "Crystal Lagoons" is famous. Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the remaining allegations of paragraph no. 38 of the Complaint, and on that basis denies them.

39.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 39 of the Complaint, and on that basis denies them.

40.     Defendants deny that Crystal Lagoons has any trade dress rights as described and deny the allegations of paragraph no. 40 of the Complaint.

41.     Defendants deny that Crystal Lagoons has any trade dress rights as described and deny the allegations of paragraph no. 41 of the Complaint.

42.     Defendants deny that Crystal Lagoons has any trade dress rights as described and deny the allegations of paragraph no. 42 of the Complaint.

43.     Defendants deny that Crystal Lagoons has any trade dress rights as described and deny the allegations of paragraph no. 43 of the Complaint.

44.    Defendants deny that Crystal Lagoons has any trade dress rights as described and deny the allegations of paragraph no. 44 of the Complaint.

45.    Defendants deny that Crystal Lagoons has any trade dress rights as described and deny the allegations of paragraph no. 45 of the Complaint.

### Defendants' Relationships with Each Other

46.    Defendants admit that Desert Color is involved in development of a master-planned community in St. George Utah. Defendants admit that a lagoon at the Desert Color development was designed and built by Pacific Aquascape International. Defendants deny the remaining allegations of paragraph no. 46 of the Complaint.

47.    Defendants admit that a lagoon at the Desert Color development was designed and built by Pacific Aquascape International. Defendants deny the remaining allegations of paragraph no. 47 of the Complaint.

48.    Defendants admit that Deserted Color, LLC is the assignee of record for a trademark "Desert Color." Defendants deny the remaining allegations of paragraph no. 48 of the Complaint.

49.    Defendants deny the allegations of paragraph no. 49 of the Complaint.

50.    Defendants deny the allegations of paragraph no. 50 of the Complaint.

**Crystal Lagoons' Relationship with Defendants Desert Color**

51.    Defendants deny the allegations of paragraph no. 51 of the Complaint.

52.    Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 52 of the Complaint, and on that basis denies them.

53.    Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 53 of the Complaint, and on that basis denies them.

54.    Defendants admit that Crystal Lagoons US Corp. and Desert Color Manager, LLC signed a document entitled "Non-Disclosure Agreement" on December 8, 2017. The content of that document is shown by the document itself in the context of all its provisions. Defendants deny the remaining allegations of paragraph no. 54 of the Complaint.

55.    The content of the "Non-Disclosure Agreement" is shown by the document itself in the context of all its provisions. Defendants deny the remaining allegations of paragraph no. 55 of the Complaint.

56.    The content of the "Non-Disclosure Agreement" is shown by the document itself in the context of all its provisions. Defendants deny the remaining allegations of paragraph no. 56 of the Complaint.

57.     The content of the "Non-Disclosure Agreement" is shown by the document itself in the context of all its provisions. Defendants deny the remaining allegations of paragraph no. 57 of the Complaint.

58.     The content of the "Non-Disclosure Agreement" is shown by the document itself in the context of all its provisions. Defendants deny the remaining allegations of paragraph no. 58 of the Complaint.

59.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 59 of the Complaint, and on that basis denies them.

60.     Defendants deny the allegations of paragraph no. 60 of the Complaint.

61.     The content of the Cedar City News article is shown by the document itself in its complete context. Defendants deny the remaining allegations of paragraph no. 61 of the Complaint.

62.     The content of the email is shown by the document itself in its complete context. Defendants deny the remaining allegations of paragraph no. 62 of the Complaint.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 63 of the Complaint, and on that basis denies them.

64.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 64 of the Complaint, and on that basis denies them.

65.     Defendants deny the allegations of paragraph no. 56 of the Complaint.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 66 of the Complaint, and on that basis denies them.

67.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 67 of the Complaint, and on that basis denies them.

68.     Defendants admit that Brook Cole and others attended a tour of a lagoon at Windsong Ranch, in Prosper, Texas. Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the remaining allegations of paragraph no. 68 of the Complaint, and on that basis denies them.

69.     Defendants deny the allegations of paragraph no. 69 of the Complaint.

70.     The content of the email is shown by the document itself in its complete context. Defendants deny the remaining allegations of paragraph no. 70 of the Complaint.

71.     Defendants admit that Desert Color representatives attended the opening of the lagoon at Windsong Ranch. Defendants deny the remaining allegations of paragraph no. 71 of the Complaint.

72.     Defendants admit that negotiations regarding the TLSA ceased due to disagreements. Defendants deny the remaining allegations of paragraph no. 72 of the Complaint.

73.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of Crystal Lagoons' understanding as set forth in paragraph no. 67 of the Complaint, and on that basis denies such allegations. Defendants deny the remaining allegations of paragraph no. 73 of the Complaint.

74.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 74 of the Complaint, and on that basis denies them.

75.     Defendants incorporate their responses to the preceding paragraphs under this heading. Defendants deny the remaining allegations of paragraph no. 75 of the Complaint.

76.     Defendants deny the allegations of paragraph no. 76 of the Complaint.

77.     Defendants deny the allegations of paragraph no. 77 of the Complaint.

**Crystal Lagoons' Relationship with Defendant Pacific Aquascape**

78.     Defendants admit that a lagoon at the Desert Color development in St. George, Utah was designed and built by Pacific Aquascape International. Defendants deny the remaining allegations of paragraph no. 78 of the Complaint.

79.     Pacific Aquascape admits that it was involved in the construction of the lagoon at the Hard Rock Hotel & Casino in Hollywood, Florida and that the design and engineering of that lagoon was done by Cloward H2O LLC. Defendants deny the remaining allegations of paragraph no. 79 of the Complaint.

80.     Defendants admit that Crystal Lagoons brought a lawsuit against Cloward H2O LLC in October 2019 that involves the lagoon at the Hard Rock Hotel & Casino in Hollywood, Florida. Defendants deny the remaining allegations of paragraph no. 80 of the Complaint.

81.     Defendants deny the allegations of paragraph no. 81 of the Complaint.

82.     Defendants deny the allegations of paragraph no. 82 of the Complaint.

**Defendants Desert Color and Pacific Aquascape Used Crystal Lagoons'
Confidential Information and Intellectual Property to Design, Construct,
Promote the Lagoon at Desert Color[2]**

83.     Defendants lack knowledge or information sufficient to form a belief
about the truth or accuracy of the allegations of paragraph no. 83 of the Complaint,
and on that basis denies them.

84.     Defendants admit that a lagoon at the Desert Color development was
designed and built by Pacific Aquascape International. Defendants deny the
remaining allegations of paragraph no. 84 of the Complaint.

85.     Defendants deny the allegations of paragraph no. 85 of the Complaint.

86.     Defendants deny the allegations of paragraph no. 86 of the Complaint.

87.     Defendants deny the allegations of paragraph no. 87 of the Complaint.

88.     Defendants deny the allegations of paragraph no. 88 of the Complaint.

**Desert Color and Its Affiliates Used Crystal Lagoons' Trademarks to
Advertise and Promote Desert Color's Planned Water Feature in Breach
of the Non-Disclosure Agreement and Violation of the Lanham Act[3]**

89.     Defendants deny the allegations of paragraph no. 89 of the Complaint.

90.     Defendants deny the allegations of paragraph no. 90 of the Complaint.

---

[2] To the extent this heading is understood as an allegation, Defendants deny all allegations of the
heading.

[3] To the extent this heading is understood as an allegation, Defendants deny all allegations of the
heading.

91.     Defendants deny the allegations of paragraph no. 91 of the Complaint.

92.     Defendants deny the allegations of paragraph no. 92 of the Complaint.

93.     Defendants admit that Desert Color engaged Colliers International as a commercial tenet broker. Defendants deny the remaining allegations of paragraph no. 85 of the Complaint.

94.     Defendants deny the allegations of paragraph no. 94 of the Complaint.

95.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 95 of the Complaint, and on that basis denies them.

96.     Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 96 of the Complaint, and on that basis denies them.

97.     Defendants deny the allegations of paragraph no. 97 of the Complaint.

98.     Defendants deny the allegations of paragraph no. 98 of the Complaint..

99.     Defendants deny the allegations of paragraph no. 99 of the Complaint.

100.    Defendants deny the allegations of paragraph no. 100 of the Complaint.

101.    Defendants deny the allegations of paragraph no. 101 of the Complaint.

102.    Defendants deny the allegations of paragraph no. 102 of the Complaint.

### Defendants' Planned Lagoon Infringes Crystal Lagoons' Trade Dress[4]

103.   Defendants deny the allegations of paragraph no. 103 of the Complaint.

104.   Defendants deny that Crystal Lagoons has any trade dress rights as described and deny the allegations of paragraph no. 104 of the Complaint.

105.   Defendants deny the allegations of paragraph no. 105 of the Complaint.

106.   Defendants deny that Crystal Lagoons has any trade dress rights as described and deny the allegations of paragraph no. 106 of the Complaint.

107.   Defendants deny that Crystal Lagoons has any trade dress rights as described and deny the allegations of paragraph no. 107 of the Complaint.

### Desert Color Used Crystal Lagoons' Images to Misrepresent the Source and Quality of the Lagoon[5]

108.   Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 108 of the Complaint, and on that basis denies them.

109.   Defendants deny the allegations of paragraph no. 109 of the Complaint.

110.   Defendants deny the allegations of paragraph no. 110 of the Complaint.

111.   Defendants deny the allegations of paragraph no. 111 of the Complaint.

---

[4] To the extent this heading is understood as an allegation, Defendants deny all allegations of the heading.

[5] To the extent this heading is understood as an allegation, Defendants deny all allegations of the heading.

**Defendants Have Not Obtained Sanitary Permits for Swimming, Despite Representing to Prospective Buyers That the Water Feature Will Be Swimmable and of the Same Quality as a Lagoon by Crystal Lagoons[6]**

112.   Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 112 of the Complaint, and on that basis denies them.

113.   Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 113 of the Complaint, and on that basis denies them.

114.   Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 114 of the Complaint, and on that basis denies them.

115.   Defendants admit that Title 26, Chapter 15, Section 2 of the Utah Code is as stated in the Code in its context and as applied by the Southwest Utah Public Health Department or other relevant state agency. Defendants deny the remaining allegations of paragraph no. 110 of the Complaint.

---

[6] To the extent this heading is understood as an allegation, Defendants deny all allegations of the heading.

116.   Defendants admit that Utah Administrative Code Rule R392-302 is entitled "Design, Construction and Operation of Public Pools." Defendants deny the remaining allegations of paragraph no. 116 of the Complaint.

117.   Defendants admits that the text of the Rule is as stated in the Rule itself and in its context and as applied by the Southwest Utah Public Health Department. Defendants deny the remaining allegations of paragraph no. 117 of the Complaint.

118.   Defendants deny the allegations of paragraph no. 118 of the Complaint.

119.   Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 119 of the Complaint, and on that basis denies them.

120.   Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 120 of the Complaint, and on that basis denies them.

121.   Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 121 of the Complaint, and on that basis denies them.

122.   Defendants deny the allegations of paragraph no. 122 of the Complaint.

123.   Defendants deny the allegations of paragraph no. 123 of the Complaint.

124.   Defendants deny the allegations of paragraph no. 124 of the Complaint.

125.   Defendants deny that the cases of sanitary accidents are relatable in any way to Defendants or to the Desert Color development. Defendants also deny that such incidents involved pools with conventional swimming pool sanitation such as that employed in the lagoon at the Desert Color Development. Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 125 of the Complaint, and on that basis denies them.

126.   Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 126 of the Complaint, and on that basis denies them.

127.   Defendants deny the allegations of paragraph no. 127 of the Complaint.

128.   Defendants deny the allegations of paragraph no. 128 of the Complaint.

129.   Defendants deny the allegations of paragraph no. 129 of the Complaint.

130.   Defendants deny the allegations of paragraph no. 130 of the Complaint.

131.   Defendants deny the allegations of paragraph no. 131 of the Complaint.

**Count I – Brach of Contract**
**Against Desert Color, Pacific Aquascape and the Builder Defendants[7]**

132.   In response to paragraph no. 132 of the Complaint, Defendants incorporate by reference all of their responses to the preceding paragraphs of the Complaint as though fully set forth hereat.

133.   Defendants deny the allegations of paragraph no. 133 of the Complaint.

134.   Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 134 of the Complaint, and on that basis denies them.

135.   Defendants deny the allegations of paragraph no. 135 of the Complaint.

136.   Defendants deny the allegations of paragraph no. 136 of the Complaint.

137.   Defendants deny the allegations of paragraph no. 137 of the Complaint.

**Count II – Federal Trademark Infringement**
**Against All Defendants[8]**

138.   In response to paragraph no. 138 of the Complaint, Defendants incorporate by reference all of their responses to the preceding paragraphs of the Complaint as though fully set forth hereat.

139.   Defendants deny the allegations of paragraph no. 139 of the Complaint.

---

[7] The Court has already dismissed Count I of the Complaint with respect to Pacific Aquascape.

[8] The Court has already dismissed Count II of the Complaint with respect to Pacific Aquascape.

140.   Defendants deny the allegations of paragraph no. 140 of the Complaint.

141.   Defendants deny the allegations of paragraph no. 141 of the Complaint.

142.   Defendants deny the allegations of paragraph no. 142 of the Complaint.

143.   Defendants deny the allegations of paragraph no. 143 of the Complaint.

144.   Defendants deny the allegations of paragraph no. 144 of the Complaint.

145.   Defendants deny the allegations of paragraph no. 145 of the Complaint.

### Count III – Trademark Dilution
### Against All Defendants[9]

146.   In response to paragraph no. 146 of the Complaint, Defendants incorporate by reference all of their responses to the preceding paragraphs of the Complaint as though fully set forth hereat.

147.   Defendants deny the allegations of paragraph no. 147 of the Complaint.

148.   Defendants deny the allegations of paragraph no. 148 of the Complaint.

149.   Defendants deny the allegations of paragraph no. 149 of the Complaint.

150.   Defendants deny the allegations of paragraph no. 150 of the Complaint.

151.   Defendants deny the allegations of paragraph no. 151 of the Complaint.

152.   Defendants deny the allegations of paragraph no. 152 of the Complaint.

---

[9] The Court has already dismissed Count III of the Complaint with respect to Pacific Aquascape.

## Count IV – Federal Unfair Competition
## Against All Defendants[10]

153.   In response to paragraph no. 153 of the Complaint, Defendants incorporate by reference all of their responses to the preceding paragraphs of the Complaint as though fully set forth hereat.

154.   Defendants deny the allegations of paragraph no. 154 of the Complaint.

155.   Defendants deny the allegations of paragraph no. 155 of the Complaint.

156.   Defendants deny the allegations of paragraph no. 156 of the Complaint.

157.   Defendants deny the allegations of paragraph no. 157 of the Complaint.

158.   Defendants deny the allegations of paragraph no. 158 of the Complaint.

159.   Defendants deny the allegations of paragraph no. 159 of the Complaint.

## Count V – Federal False Adverising Under 15 U.S.C. § 1125(a)
## Against All Defendants[11]

160.   In response to paragraph no. 160 of the Complaint, Defendants incorporate by reference all of their responses to the preceding paragraphs of the Complaint as though fully set forth hereat.

161.   Defendants deny the allegations of paragraph no. 161 of the Complaint.

162.   Defendants deny the allegations of paragraph no. 162 of the Complaint.

---

[10] The Court has already dismissed Count IV of the Complaint with respect to Pacific Aquascape.

[11] The Court has already dismissed Count V of the Complaint with respect to Pacific Aquascape.

163.   Defendants deny the allegations of paragraph no. 163 of the Complaint.

164.   Defendants deny the allegations of paragraph no. 164 of the Complaint.

165.   Defendants deny the allegations of paragraph no. 165 of the Complaint.

166.   Defendants deny the allegations of paragraph no. 166 of the Complaint.

167.   Defendants deny the allegations of paragraph no. 167 of the Complaint.

168.   Defendants deny the allegations of paragraph no. 168 of the Complaint.

169.   Defendants deny the allegations of paragraph no. 169 of the Complaint.

170.   Defendants deny the allegations of paragraph no. 170 of the Complaint.

171.   Defendants deny the allegations of paragraph no. 171 of the Complaint.

172.   Defendants deny the allegations of paragraph no. 172 of the Complaint.

173.   Defendants deny the allegations of paragraph no. 173 of the Complaint.

## Count VI – Trade Dress Infringement
## Against All Defendants[12]

174.   In response to paragraph no. 132 of the Complaint, Defendants

incorporate by reference all of their responses to the preceding paragraphs of the

Complaint as though fully set forth hereat.

175.   Defendants deny the allegations of paragraph no. 175 of the Complaint.

176.   Defendants deny the allegations of paragraph no. 176 of the Complaint.

---

[12] The Court has already dismissed Count VI of the Complaint against all Defendants.

177.   Defendants deny the allegations of paragraph no. 177 of the Complaint.

178.   Defendants deny the allegations of paragraph no. 178 of the Complaint.

179.   Defendants deny the allegations of paragraph no. 179 of the Complaint.

180.   Defendants deny the allegations of paragraph no. 180 of the Complaint.

**Count VII – Violation of the Utah Truth in Advertising Act § 13-11a-3(1) Against All Defendants[13]**

181.   In response to paragraph no. 181 of the Complaint, Defendants incorporate by reference all of their responses to the preceding paragraphs of the Complaint as though fully set forth hereat.

182.   Defendants deny the allegations of paragraph no. 182 of the Complaint.

183.   Defendants deny the allegations of paragraph no. 183 of the Complaint.

184.   Defendants deny the allegations of paragraph no. 184 of the Complaint.

185.   Defendants deny the allegations of paragraph no. 185 of the Complaint.

186.   Defendants deny the allegations of paragraph no. 186 of the Complaint.

187.   Defendants deny the allegations of paragraph no. 187 of the Complaint.

188.   Defendants deny the allegations of paragraph no. 188 of the Complaint.

189.   Defendants deny the allegations of paragraph no. 189 of the Complaint.

190.   Defendants deny the allegations of paragraph no. 190 of the Complaint.

---

[13] The Court has already dismissed Count VII of the Complaint with respect to Pacific Aquascape.

191.    Defendants deny the allegations of paragraph no. 191 of the Complaint.

192.    Defendants deny the allegations of paragraph no. 192 of the Complaint.

193.    Defendants deny the allegations of paragraph no. 193 of the Complaint.

**Count VIII – Common Law Unjust Enrichment
Against All Defendants[14]**

194.    In response to paragraph no. 194 of the Complaint, Defendants
incorporate by reference all of their responses to the preceding paragraphs of the
Complaint as though fully set forth hereat.

195.    Defendants deny the allegations of paragraph no. 195 of the Complaint.

196.    Defendants deny the allegations of paragraph no. 196 of the Complaint.

197.    Defendants deny the allegations of paragraph no. 197 of the Complaint.

**Count IX – Trademark Infringement Utah Code Ann. § 70-3-101 *et al*.
Against All Defendants[15]**

198.    In response to paragraph no. 198 of the Complaint, Defendants
incorporate by reference all of their responses to the preceding paragraphs of the
Complaint as though fully set forth hereat.

199.    Defendants deny the allegations of paragraph no. 199 of the Complaint.

200.    Defendants deny the allegations of paragraph no. 200 of the Complaint.

---

[14] The Court has already dismissed Count VII of the Complaint with respect to Pacific Aquascape.

[15] The Court has already dismissed Count IX of the Complaint with respect to Pacific Aquascape.

201.   Defendants deny the allegations of paragraph no. 201 of the Complaint.

202.   Defendants deny the allegations of paragraph no. 202 of the Complaint.

203.   Defendants deny the allegations of paragraph no. 203 of the Complaint.

### Count X – Common Law Unfair Competition
### [Against] All Defendants[16]

204.   In response to paragraph no. 204 of the Complaint, Defendants incorporate by reference all of their responses to the preceding paragraphs of the Complaint as though fully set forth hereat.

205.   Defendants deny the allegations of paragraph no. 205 of the Complaint.

206.   Defendants deny the allegations of paragraph no. 206 of the Complaint.

207.   Defendants deny the allegations of paragraph no. 207 of the Complaint.

208.   Defendants deny the allegations of paragraph no. 208 of the Complaint.

209.   Defendants deny the allegations of paragraph no. 209 of the Complaint.

---

[16] The Court has already dismissed Count X of the Complaint with respect to Pacific Aquascape.

## Count XI – Patent Infringement
## Against Desert Color and Pacific Aquascape
## The '514 Patent (Structure Patent) Is Being Infringed[17]

210.   In response to paragraph no. 210 of the Complaint, Defendants incorporate by reference all of their responses to the preceding paragraphs of the Complaint as though fully set forth hereat.

211.   Defendants deny the allegations of paragraph no. 211 of the Complaint.

212.   Defendants admit that the United States Patent and Trademark Office issued the '514 Patent. Defendants lack knowledge or information sufficient to form a belief about the truth or accuracy of the allegations of paragraph no. 212 of the Complaint, and on that basis denies them.

213.   Defendants deny the allegations of paragraph no. 213 of the Complaint.

214.   The text of claim 1 of the '514 Patent appears in the '514 Patent and in the context of the entire Patent in view of its prosecution. Defendants deny that the accused lagoon is a water body larger than 15,000 m$^3$. Defendants deny the remaining allegations of paragraph no. 214 of the Complaint including each of the allegations in the claim chart.

215.   Defendants deny the allegations of paragraph no. 215 of the Complaint.

---

[17] To the extent this heading is understood as an allegation, Defendants deny all allegations of the heading.

216.   Defendants deny the allegations of paragraph no. 216 of the Complaint.

217.   Defendants deny the allegations of paragraph no. 217 of the Complaint.

218.   Defendants deny the allegations of paragraph no. 218 of the Complaint.

219.   Defendants deny the allegations of paragraph no. 219 of the Complaint.

220.   Defendants deny the allegations of paragraph no. 220 of the Complaint.

221.   Defendants deny the allegations of paragraph no. 221 of the Complaint.

222.   Defendants deny the allegations of paragraph no. 222 of the Complaint.

223.   Defendants deny the allegations of paragraph no. 223 of the Complaint.

## Request for Relief

Defendants are not required, under Rule 8, to respond to the relief requested in the Complaint. Nonetheless, to the extent that any of the statements or assertions under that heading may be deemed to allege any factual or legal entitlements to the relief requested, Defendants deny each and ever such allegations, and specifically deny that Crystal Lagoons is entitled to the requested, or any, relief.

## General Denial

Defendants deny any and all allegations in the Complaint that are not specifically admitted in Defendants' answer and responses above.

## Jury Demand

Defendants demand trial by jury of all issues so triable.

## ADDITIONAL, AFFIRMATIVE, AND AVOIDANCE DEFENSES

Without admitted or acknowledging what must be alleged by way of affirmative or avoidance defenses or that Defendants bear the burden of proof as to any of the defenses set forth herein; Defendants allege the following as additional, affirmative or avoidance defenses to the Complaint, the purported claim therein, and the relief sought therein.

### First Defense—Failure to State a Claim

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### Second Defense—Waiver and Estoppel

Crystal Lagoons, by its own conduct and omissions, is estopped from asserting, and has waived any claim for, any alleged wrongful or improper conduct on the part of Defendants.

### Third Defense—Unclean Hands

Crystal Lagoons' claims are barred, in whole or in part, by its own unclean hands.

### Fourth Defense—Laches

Crystal Lagoons' claims fail, in whole or in part, by the doctrine of laches.

### Fifth Defense—Trademark Fair Use

Crystal Lagoons' claims are barred, in whole or in part, by the doctrines of fair use, nominative fair use or descriptive use.

### Sixth Defense—Merely Descriptive

Crystal Lagoons' purported trademark is generic or merely descriptive and therefore unregistrable, invalid, and unprotectable.

### Seventh Defense—Not Distinctive

Crystal Lagoons' purported trademark is not distinctive and does not have secondary meaning.

### Eighth Defense—No Confusion

Crystal Lagoons is not entitled to relief due to a lack of likelihood of mistake, confusion, or deception.

### Ninth Defense—Not Famous

Crystal Lagoons' purported trademark is not famous such that Crystal Lagoons has no claim for trademark dilution.

### Tenth Defense—Failure to Monitor

Crystal Lagoons is not entitled to relief to the extent it has abandoned any trademark rights that it may have had in the asserted mark by failing to adequately police, monitor, or control third parties using the asserted mark or by failing to treat the asserted mark as a trademark.

### Eleventh Defense—Failure to Notify

Crystal Lagoons' claim for alleged violation of the Utah Truth in Advertising Act is barred because of Crystal Lagoons' failure to comply with the notice requirements of that Act.

### Twelfth Defense—Patent Non-Infringement

Defendants have not infringed, either literally, contributorily or under the doctrine of equivalents, or contributed to infringement by others, or actively induced others to infringe the '514 Patent.

### Thirteenth Defense—Prosecution History Estoppel

Crystal Lagoons' claims of patent infringement against Defendants are barred in whole or in part by the doctrines of prosecution history estoppel or prosecution disclaims, ensnarement, or claim vitiation.

### Fourteenth Defense—Patent Misuse

Crystal Lagoons' claims are barred because of its own patent misuse.

### Fifteenth Defense—Patent Invalidity

The claims of the '514 Patent are invalid for failure to satisfy one or more of the requirements of Sections 100, 101, 102, 103, and 112 of Title 35 of the United States Code.

### Sixteenth Defense—Failure to Mark

Crystal Lagoons is precluded from recovering any damages arising from Defendants' alleged infringement before the filing and service of the Complaint due to the failure of Crystal Lagoons to give proper notice pursuant to 35 U.S.C. § 287.

### Seventeenth Defense—No Entitlement to Injunctive Relief

Crystal Lagoons is not entitled to injunctive relief under 35 U.S.C. § 283.

### Eighteenth Defense—Inequitable Conduct

The '514 Patent is unenforceable due to inequitable conduct committed during the prosecution of the '514 Patent or their related patents before the United States Patent and Trademark Office.

### Further Defenses

In addition to the defenses set forth above, Defendants reserve the right to raise, assert, rely upon, or add any new or additional defenses under Rule 8(c), the laws of the United States, the laws of Utah, or any other governing jurisdictions that may exist or in the future be applicable based on discovery and further factual investigation in this Action, and reserves the right to amend any and all defenses set forth above as discovery proceeds.

## COUNTERCLAIMS

Counterclaimants Desert Color and Pacific Aquascape bring these counterclaims against Plaintiffs Crystal Lagoons as follows:

1. This action arises and is brought under the Declaratory Judgement Act, 28 U.S.C. §§ 2201-2202 and seeks a declaration that Defendants no not infringe Crystal Lagoons' asserted trademark; the asserted trademark be declared invalid or ordered cancelled; Defendants do not blur, dilute, or tarnish Crystal Lagoons' asserted trademark; Defendants do not unfairly compete or falsely designate the origin of their goods and services; Defendants do not infringe U.S. Patent No. 8,062,514 ("'514 Patent"); and the '514 Patent is invalid.

2. Desert Color Manager LLC is a Utah limited liability company with its principal place of business at 730 N 1500 W, Orem, UT 84057.

3. Desert Color St. George LLC is a Utah limited liability company with its principal place of business at 730 N 1500 W, Orem, UT 84057.

4. Pacific Aquascape International, Inc. is a Utah corporation with its principal place of business at 17520 Newhope Street, #120, Fountain Valley, California 92780.

5. Defendants allege on information and belief that Crystal Lagoons U.S. Corp. is a Delaware corporation.

6.     Defendants allege on information and belief that Crystal Lagoons Technologies, Inc. is a Delaware corporation.

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201–02, and 15 U.S.C. § 1121 and 35 U.S.C. § 101 *et seq*.

8.     This Court has personal jurisdiction over Crystal Lagoons at least by virtue of Crystal Lagoons' election to file suit in this District.

9.     Venue is proper pursuant to at least 28 U.S.C. § 1391.

### First Counterclaim—Declaratory Judgment of Trademark Non-Infringement (by Desert Color)

10.   Defendants hereby reallege and incorporate the forgoing paragraphs of the Counterclaims as if set forth in full hereat.

11.   Crystal Lagoons' Complaint alleges that Defendants infringe and dilute Crystal Lagoons' alleged trademark, "Crystal Lagoons," pursuant to 15. U.S.C. § 1114 and under Utah Code Ann. § 70-3-101 *et seq*.

12.   Defendants deny any alleged trademark infringement or trademark dilution as set forth above.

13.   Crystal Lagoons' allegations of trademark infringement and dilution pose a threat to Defendants' business and have harmed and will continue to harm Defendants until such claims are resolved.

14.   As a result of the foregoing, an actual case or controversy exists regarding Crystal Lagoons' allegations of trademark infringement and dilution.

15.   Defendants have no adequate remedy at law and therefore seek declaratory judgment pursuant to 28 U.S.C. §§ 2201–02 that Defendants have not infringed and are not engaged in dilution of Crystal Lagoons' asserted trademark.

16.   Defendants additionally seek any further relief deemed appropriate by this Court pursuant to 28 U.S.C. § 2202.

**Second Counterclaim—Declaratory Judgment of
Trademark Invalidity and Cancelation
(by Desert Color)**

17.   Defendants hereby reallege and incorporate the forgoing paragraphs of the Counterclaims as if set forth in full hereat.

18.   The words "crystal" or "crystal lagoon" and their variations are used to describe clear or transparent water in bodies of water, such as pools, lakes, ponds, and lagoons.

19.   The relevant consuming public understands the words "crystal lagoon(s)" to refer generally to clear or transparent water in bodies of water, such as pools, lakes, ponds, and lagoons, and does not associate these words with any particular source of clear or transparent bodies of water.

20.   Crystal Lagoons' asserted trademark is generic or merely descriptive under applicable United States law based at least on the circumstances that the terms "crystal," and "crystal lagoon(s)" are generic or descriptive terms for clear or transparent water in bodies of water, such as pools, lakes, ponds, and lagoons, and the relevant consuming public understands these terms to be generic or descriptive terms for clear or transparent water in bodies of water, such as pools, lakes, ponds, and lagoons, and use such terms generically or descriptively for the same.

21.   Pursuant to 15 U.S.C. §§ 1064 and 1119, Plaintiffs' asserted trademark is invalid and should be cancelled because it is generic or merely descriptive.

22.   Crystal Lagoons' allegations of infringement against Defendants have harmed and will continue to harm Defendants until such claims are resolved.

23.   Crystal Lagoons' allegations of trademark infringement against Defendants indicate Crystal Lagoons' reliance on the alleged enforceability and validity of the asserted trademark.

24.   Based on the foregoing, an actual case or controversy exists regarding the validity of Crystal Lagoons' asserted trademark.

25.   Defendants has no adequate remedy at law and therefore seek declaratory judgment pursuant to 28 U.S.C. §§ 2201–02 and 15 U.S.C. §§ 1064 and 1119 that Crystal Lagoons' asserted trademark is invalid and cancellation of the mark.

26.   Defendants additionally seek any further relief deemed appropriate by this Court pursuant to 28 U.S.C. § 2202.

### Third Counterclaim—Declaratory Judgment of No False Advertising (by Desert Color)

27.   Defendants hereby reallege and incorporate the forgoing paragraphs of the Counterclaims as if set forth in full hereat.

28.   Crystal Lagoons' Complaint alleges that Defendants have engaged in acts of false advertising under 15 U.S.C. § 1125 and Utah Code Ann. § 13-11a-3(1).

29.   Defendants deny any alleged acts of false advertising as set forth above.

30.   Crystal Lagoons' allegations of false advertising pose a threat to Defendants and have harmed and will continue to harm Defendants until such claims are resolved.

31.   As a result of the foregoing, an actual case or controversy exists regarding Crystal Lagoons' allegations of false advertising.

32.   Defendants have no adequate remedy at law and therefore seek declaratory judgment pursuant to 28 U.S.C. §§ 2201–02 that Defendants have not engaged in false advertising.

33.   Defendants additionally seek any further relief deemed appropriate by this Court pursuant to 28 U.S.C. § 2202.

### Fourth Counterclaim—Declaratory Judgment of
### No False Designation or Unfair Competition
### (by Desert Color)

34. Defendants hereby reallege and incorporate the forgoing paragraphs of the Counterclaims as if set forth in full hereat.

35. Crystal Lagoons' Complaint alleges that Defendants have engaged in acts of unfair competition and false designation pursuant to 15 U.S.C. § 1125 and common law.

36. Defendants deny any alleged acts of unfair competition and false designation of origin as set forth above.

37. Crystal Lagoons' allegations of false designation of origin and unfair competition pose a threat to Defendants and have harmed and will continue to harm Defendants until such claims are resolved.

38. As a result of the foregoing, an actual case or controversy exists regarding Crystal Lagoons' allegations of false designation of origin and unfair competition.

39. Defendants have no adequate remedy at law and therefore seek declaratory judgment pursuant to 28 U.S.C. §§ 2201–02 that Defendants have not falsely designated the origin of or competed unfairly with respect to their products or services.

40.   Defendants additionally seek any further relief deemed appropriate by this Court pursuant to 28 U.S.C. § 2202.

### Fifth Counterclaim—Declaratory Judgment of Non-Infringement of the '514 Patent (by Desert Color and Pacific Aquascape)

41.   Defendants hereby reallege and incorporate the forgoing paragraphs of the Counterclaims as if set forth in full hereat.

42.   Crystal Lagoons' Complaint alleges that Defendants infringe the '514 Patent.

43.   Defendants deny any alleged patent infringement of the '514 Patent.

44.   Defendants have not infringed and do not infringe, either literally or under the doctrine of equivalents, any valid and enforceable asserted claim of the '514 Patent.

45.   Defendants have not infringed and do not infringe, either contributorily, by inducement, or in any other manner, any valid and enforceable asserted claim of the '514 Patent.

46.   An actual and justiciable controversy exists between Crystal Lagoons and Defendants regarding Crystal Lagoons' allegations that Defendants infringe the '514 Patent.

47.   Defendants are entitled to a declaration of this Court stating that they have not infringed and do not infringe the '514 Patent in any manner whatsoever.

48.   Defendants additionally seek any further relief deemed appropriate by this Court pursuant to 28 U.S.C. § 2202.

## Sixth Counterclaim—Declaratory Judgment of Invalidity of the '514 Patent (by Desert Color and Pacific Aquascape)

49.   Defendants hereby reallege and incorporate the forgoing paragraphs of the Counterclaims as if set forth in full hereat.

50.   Each of the asserted claims of the '514 Patent is invalid for failure to comply with the requirements of patentability, including those set forth in 35 U.S.C. §§ 101, 102, 103, or 112.

51.   An actual justiciable controversy exists between Crystal Lagoons and Defendants regarding the validity of the '514 Patent.

52.   Defendants are entitled to a declaration of this Court stating that the asserted claims of the '514 Patent are invalid.

53.   Defendants additionally seek any further relief deemed appropriate by this Court pursuant to 28 U.S.C. § 2202.

## Jury Demand

Pursuant to Rule 38, Defendants demand trial by jury of all issues so triable, whether presented by Crystal Lagoons' claims against Defendants, Defendants' Counterclaims against Crystal Lagoons, or otherwise.

## Prayer for Relief

WHEREFORE, Defendants request relief as follows:

A.   That Crystal Lagoons take nothing by the Complaint;

B.   A declaration of non-infringement and no-dilution with respect to Crystal Lagoon's asserted trademark;

C.   A declaration that Crystal Lagoons' asserted trademark is invalid and cancellation of the same;

D.   A declaration that Defendants have not engaged in false designation of origin and unfair competition as alleged by Crystal Lagoons;

E.   A declaration that Defendants have not engaged in false advertising as alleged by Crystal Lagoons;

F.   A declaration that Defendants do not infringe, induce infringement, or contributorily infringe any valid and enforceable claim of the '514 Patent;

G.   A declaration that Crystal Lagoons' asserted claims from the '514 Patent are invalid;

H.   A declaration that Crystal Lagoons' claims are meritless and exceptional;

I.   An award of Defendants costs of suit, attorney's fees, and expenses in defending against this suit; and

J.   Such other and further relief as this Court shall deem just and proper.

Dated: May 24, 2021.                  Respectfully Submitted,

                                      MASCHOFF BRENNAN

                                      By: */s/ Jared J. Braithwaite*
                                      Jared J. Braithwaite
                                      R. Parrish Freeman
                                      Alexis K. Juergens

                                      Attorneys for Defendants
                                      Desert Color St. George, LLC;
                                      Desert Color Manager, LLC; and
                                      Pacific Aquascape International, Inc.