Stephen M. Sansom (#10678)
Brandon T. Christensen (#16420)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
(801) 799-5897
*smsansom@hollandhart.com*
*btchristensen@hollandhart.com*

Anthony R. Zeuli *(Admitted Pro Hac Vice)*
Thomas Johnson *(Admitted Pro Hac Vice)*
Joseph Dubis *(Admitted Pro Hac Vice)*
MERCHANT GOULD P.C.
2200 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402-4247
(612) 332-5300
*tzeuli@merchantgould.com*
*tjohnson@merchantgould.com*
*jdubis@merchantgould.com*

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
SOUTHERN REGION OF THE CENTRAL DIVISION**

| | |
|---|---|
| CRYSTAL LAGOONS U.S. CORP. AND CRYSTAL LAGOONS TECHNOLOGIES INC., <br><br> Plaintiffs, <br><br> vs. <br><br> DESERT COLOR MANAGER LLC, DESERT COLOR ST. GEORGE LLC, AJ CONSTRUCTION, INC., TRI-STATE VENTURES, LLC d/b/a CAREFREE HOMES – UTAH, COLE WEST HOME LLC, HOLMES HOMES, INC., SULLIVAN HOMES LLC, and PACIFIC AQUASCAPE INTERNATIONAL, INC., | **COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS AMENDED COUNTERCLAIMS** <br><br> Case No. 2:20-cv-00851-BSJ <br><br> Judge Bruce S. Jenkins <br><br> **Jury Trial Demanded** |

|  |  |
|---|---|
| Defendants | |
| DESERT COLOR MANAGER LLC, DESERT COLOR ST. GEORGE LLC, and PACIFIC AQUASCAPE INTERNATIONAL, INC., | |
| Counterclaim Plaintiffs | |
| vs. | |
| CRYSTAL LAGOONS U.S. CORP. AND CRYSTAL LAGOONS TECHNOLOGIES INC., | |
| Counterclaim Defendants. | |

## MOTION TO DISMISS

Pursuant to Rule 8, Rule 12(b)(6), and Rule 12(f) of the Federal Rules of Civil Procedure, Counterclaim Defendants Crystal Lagoons U.S. Corp. and Crystal Lagoons Technologies Inc. (collectively "Crystal Lagoons"), by and through undersigned counsel, move to dismiss with prejudice Defendants' amended counterclaims, which merely restate their defenses in violation of the Declaratory Judgment Act (28 U.S. Code § 2201).

This Motion is based on the memorandum contained herein, the pleadings and papers on file in this action, and such other evidence as is presented to the Court for determination of the Motion. Crystal Lagoons respectfully requests that the Court enter an order in its favor dismissing with prejudice Counterclaims 1-6.

## MEMORANDUM IN SUPPORT OF THE MOTION

### I. Introduction

Plaintiffs Crystal Lagoons' action for violations of the Lanham Act, the Utah Truth in Advertising Act, breach of contract, conversion, unjust enrichment, and patent infringement (Dkt. 79, ¶ 10) arises from Defendants Desert Color Manager LLC's; Desert Color St. George LLC's; and Pacific Aquascape International, Inc.'s ("Defendants" or "Counterclaim Plaintiffs") unlawful use of Crystal Lagoons' trademarks, confidential information and patented technology in the design, building and operation of a multi-acre, man-made lagoon at Defendants' Desert Color development in St. George, Utah.

Crystal Lagoons filed its lawsuit on December 3, 2020. On February 2, 2021, Crystal Lagoons filed its First Amended Complaint realleging the claims from its original Complaint and adding patent infringement. Following the Court's ruling denying-in-part Defendants' motion to dismiss (Dkt. 113), Defendants answered Crystal Lagoons' First Amended Complaint. (Dkt. 118.)

In their answer, Defendants raised eighteen (18) defenses. (Dkt. 118 at 31-34.) Defendants then merely repeated some of those defenses in six (6) counterclaims, with barebone allegations, all invoking the Declaratory Judgment Act, including Declaratory Judgment of Trademark Non-Infringement, Declaratory Judgment of Trademark Invalidity and Cancelation, Declaratory Judgment of No False Advertising, Declaratory Judgment of No False Designation or Unfair Competition, Declaratory Judgment of Non-Infringement of the '514 Patent, and Declaratory Judgment of Invalidity of the '514 Patent. (Dkt. 118 at

35-43.) Crystal Lagoons moved to dismiss the Counterclaims on June 14, 2021, arguing that the Counterclaims merely restated Defendants' defenses in violation of the Declaratory Judgment Act (28 U.S. Code § 2201) and failed to provide any non-conclusory factual allegations. (Dkt. 124.)

On July 6, 2021, Defendants' filed their Answer, Defenses, and Amended Counterclaims in Response to Plaintiffs' First Amended Complaint, amending only the counterclaims. (Dkt. 129.) Counterclaim Plaintiffs alleged the same six (6) counterclaims as their initial counterclaims. (*Compare* Dkt. 124 *with* Dkt. 129.) Counterclaim Plaintiffs' Amended Counterclaims suffer from the same deficiency as the initial counterclaims, namely that the counterclaims merely recite the pleaded defenses in violation of the Declaratory Judgment Act.

## II.   Legal Standard

Defendants' amended counterclaims should be stricken or dismissed with prejudice because they violate the purpose of the Declaratory Judgment Act and merely restate the conclusory allegations of the defenses. They should be dismissed with prejudice because amendment would be futile - the conclusory declaratory judgment counterclaims are merely defenses that have already been asserted by Defendants. *Sliding Door Co. v. KLS Doors, LLC*, No. EDCV 13-00196 JGB, 2013 WL 2090298, at *4 (C.D. Cal. May 1, 2013) ("While it is not always appropriate to strike counterclaims simply because they concern the same subject matter, here, the counterclaim for declaratory

judgment for non-infringement of the [patent at issue] presents an issue that is already before the Court in Plaintiff's Complaint"); *Worldwide Home Prod., Inc. v. Bed Bath & Beyond, Inc.*, No. 11 CIV. 03633 LTS, 2013 WL 247839, at *3 (S.D.N.Y. Jan. 22, 2013) ("Defendants' First Counterclaim, which seeks a declaration of non-infringement, nothing more than its First Affirmative Defense repackaged and is a mirror image of Plaintiff's claim. A dismissal of Plaintiff's infringement action would necessarily resolve it. Therefore, the First Counterclaim is struck as redundant."); *Performance Proxy Rsch., LLC v. Microsoft Corp.*, No. 09C6884, 2010 WL 4193272, at *1 (N.D. Ill. Jan. 11, 2010) (sua sponte striking counterclaims, stating "this Court has consistently been bemused over the years by the penchant of patent lawyers to advance counterclaims that do nothing more than mirror the allegations of patent infringement complaints. Here (as always in such cases) Microsoft is charged with patent infringement, something that necessarily depends on the existence of a valid patent. After all, both infringement and validity must be proved by Performance to justify its recovery under the Complaint. Hence it is difficult to understand just what (other than extra paper) is added to the case by a counterclaim that seeks declarations of non-infringement and invalidity of the patent in issue.").

## III. The Amended Counterclaims should be dismissed because they merely mirror the defenses and violate the purpose of the Declaratory Judgment Act.

Although it has become commonplace in patent and trademark cases to see Defendants improperly plead counterclaims under the Declaratory Judgment Act that are

merely defenses, Defendants' six (6) amended counterclaims should be dismissed with prejudice because they are all conclusory declaratory judgment counterclaims that mirror the defenses and fail to state a claim upon which relief may be granted under the Declaratory Judgment Act. "The underlying goal of the Declaratory Judgment Act is to allow a party who is reasonably at legal risk because of an unresolved dispute to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side." *Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, 2019 U.S. Dist. LEXIS 170933, *3 (N.D. Tex. October 2, 2019) (internal quotation marks omitted) (citing *Capo, Inc. v. Dioptics Medical Prods.*, Inc., 387 F.3d 1352, 1354 (Fed. Cir. 2004)). The *Super-Sparkly* Court, analyzing the purpose of the Declaratory Judgment Act, found that "entertaining [defendant's] declaratory judgment counterclaims mirroring its affirmative defenses would not further the Declaratory Judgment Act's purpose." *Id.* at *3-4. The *Super-Sparkly* Court granted the plaintiff's motion to dismiss the defendant's noninfringement, invalidity, unenforceability, and section 287 counterclaims, explaining that the defendant had "simply recast as counterclaims the very arguments it pled in response to [plaintiff's] claims" and dismissal of such counterclaims would not leave defendant 'helpless and immobile.'" *Id.* at 4. So too here.

In this case, the Counterclaim Plaintiffs merely recast their defenses as counterclaims. For example, the twelfth defense, non-infringement, is recast as their Fifth Counterclaim for a Declaratory Judgment of Non-Infringement of the '514 Patent:

### Twelfth Defense—Patent Non-Infringement

Defendants have not infringed, either literally, contributorily or under the doctrine of equivalents, or contributed to infringement by others, or actively induced others to infringe the '514 Patent.

(*Compare* Dkt. 129 at 33 *with* Dkt. 129 at 42-44.)

The Counterclaim Plaintiffs also recast their fifteenth defense, patent invalidity, as their Sixth Counterclaim for Declaratory Judgment of Invalidity of the '514 Patent:

### Fifteenth Defense—Patent Invalidity

The claims of the '514 Patent are invalid for failure to satisfy one or more of the requirements of Sections 100, 101, 102, 103, and 112 of Title 35 of the United States Code.

(*Compare* Dkt. 129 at 33 *with* Dkt. 129 at 44-47.)

The Counterclaim Plaintiffs further recast defenses 5-11 as Counterclaims 1-4. That is not the purpose of the Declaratory Judgment Act. In addition, and importantly, such counterclaims are completely devoid of any factual allegations and state only the conclusory statement of the desired outcome. (*Compare* Dkt. 129 at 32-33 *with* Dkt. 129 at 36-42.)

As in *Super-Sparkly*, the defenses recast as counterclaims do not serve the Declaratory Judgment Act's goal to allow a party who is reasonably at legal risk because

of an unresolved dispute to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side. Here, Crystal Lagoons already brought its dispute before this Court. Thus, the conclusory declaratory judgment counterclaims in this case should be dismissed because they only mirror the defenses and do not abide by the Declaratory Judgment Act's purpose.

## IV. Conclusion

Defendants' counterclaims should be dismissed with prejudice because they violate the purpose of the Declaratory Judgment Act. The counterclaims are just defenses recast as counterclaims. All the counterclaims should be dismissed with prejudice for failing to state a claim upon which relief may be granted.

Respectfully submitted,

Date: July 19, 2021

By: */s/ Stephen M. Sansom*
Stephen M. Sansom
Brandon T. Christensen
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
(801) 799-5897

Anthony R. Zeuli *(Admitted Pro Hac Vice)*
Thomas Johnson *(Admitted Pro Hac Vice)*
Joseph Dubis *(Admitted Pro Hac Vice)*
MERCHANT GOULD P.C.
2200 Fifth Street Towers
150 South Fifth Street

Minneapolis, MN 55402-4247
(612) 332-5300

*Counsel for Counterclaim Defendants*
*Crystal Lagoons US Corp and Crystal Lagoons*
*Technologies, Inc.*

9

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMIT

The undersigned hereby certifies that the foregoing paper complies with the word count limit of DUCivR 7-1(b)(3)(A). The word count is 1357 excluding face sheet, table of contents, table of authorities, signature block, certificate of service, and exhibits.

*/s/ Stephen M. Sansom*
Stephen M. Sansom
