Jared J. Braithwaite (UT State Bar No. 12455)
  jbraithwaite@mabr.com
Alexis K. Juergens (UT State Bar No. 16861)
  ajuergens@mabr.com
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
(801) 297-1850

R. Parrish Freeman (UT State Bar No. 7529)
  pfreeman@mabr.com
MASCHOFF BRENNAN
1389 Center Drive, Suite 300
Park City, Utah 84098
(435) 252-1360

Attorneys for Defendants Desert Color St. George, LLC;
Desert Color Manager, LLC; and Pacific Aquascape International, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Crystal Lagoons U.S. Corp.** and **Crystal Lagoons Technologies Inc.**, <br><br> Plaintiffs, <br><br> v. <br><br> **Desert Color Manager, LLC**; **Desert Color St. George, LLC**; **AJ Construction, Inc.**; **Cole West Home, LLC**; **Holmes Homes, Inc.**; **Sullivan Homes, LLC**; and **Pacific Aquascape International, Inc.**, <br><br> Defendants. | Civil No. 2:20-cv-00851-BSJ <br><br> **Desert Color Manager, LLC, Desert Color St. George, LLC, and Pacific Aquascape International, Inc.'s Memorandum in Opposition to Counterclaim Defendants' Motion to Dismiss Amended Counterclaims** <br><br> District Judge Bruce S. Jenkins |

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................................. 1

II.  LEGAL STANDARDS ........................................................................................................ 2

III. ARGUMENT ........................................................................................................................ 3

    A.   Defendants' counterclaims should not be stricken as redundant because they do not "merely mirror" Defendants' affirmative defenses. ........................................... 3

        1.   Opinions from this District repeatedly reject Crystal Lagoons' request to strike counterclaims that allegedly mirror affirmative defenses. .................. 4

        2.   Defendants' declaratory judgment counterclaims 5–6 for patent non-infringement and invalidity are not pleaded as redundant of Defendants' affirmative defenses and are adequately pleaded as counterclaims. ............................................................................................................... 6

        3.   Crystal Lagoons fails to meaningfully address Defendants' counterclaims 1–4. ..................................................................................................... 7

    B.   Crystal Lagoons will not be prejudiced if the counterclaims remain in the case. ............................................................................................................................. 8

IV. CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Colorado Milling & Elevator Co. v. Howbert*,
 57 F.2d 769 (10th Cir. 1932) ................................................................................................2

*Hark'n Techs. Ltd. v. Greater Performance*,
 No. 1:06-cv-00077-DAK, 2007 WL 2007579 (D. Utah July 6, 2007) ................................4, 8

*MRSI Int'l, Inc. v. Bluespan, Inc.*,
 No. 2:05cv00896 DAK, 2006 WL 2711791 (D. Utah Sept. 21, 2006) .............................2, 4, 8

*Rennsli Corp. v. Winberg*,
 No. 2:20-cv-00247-JNP-JCB, 2021 WL 842591 (D. Utah Mar. 5, 2021) ............................3, 7

*The Beer Barrel, LLC v. Deep Wood Brew Prods., LLC*,
 No. 2:16-cv-00440-DN-BCW, 2016 WL 5936874 (D. Utah Oct. 12, 2016) ...........................2

**Statutes**

Declaratory Judgment Act ...............................................................................................1, 3

**Other Authorities**

Federal Rule of Civil Procedure 8 ....................................................................................1, 2

Federal Rule of Civil Procedure 12 ..............................................................................1, 2, 7

## I. INTRODUCTION

Crystal Lagoons U.S. Corp. and Crystal Lagoons Technologies, Inc. (collectively "Crystal Lagoons") moved to dismiss Desert Color Manager LLC, Desert Color St. George LLC, and Pacific Aquascape International Inc.'s (collectively "Defendants") counterclaims on the basis that they should be stricken under Rule 12(f) as "conclusory declaratory judgment counterclaims that mirror the defenses and fail to state a claim upon which relief may be granted under the Declaratory Judgment Act." (Dkt. No. 138 at 6.) Crystal Lagoons' Motion is based on decisions outside of this jurisdiction, which are not supported or followed by this Court.

Further, while Crystal Lagoons current Motion to dismiss the Defendants' counterclaims is purportedly brought under Rules 8 and 12(b)(6) in addition to Rule 12(f), Crystal Lagoons offers no argument for dismissal under Rules 8 or 12(b)(6). Previously, Crystal Lagoons moved to dismiss Defendants unamended counterclaims and provided argument therefor. But Crystal Lagoons' memorandum in support of its current Motion removed that section of the argument without removing reference to Rule 8 and 12(b)(6) in the Motion itself.[1]

Crystal Lagoons fails to show that the Defendants' amended counterclaims should be stricken as redundant. Not only has Crystal Lagoons failed to show redundancy, but Crystal Lagoons failed to substantively address four of the six counterclaims. Even if some of the counterclaims are arguably redundant, this Court allows such counterclaims and Crystal Lagoons fails to adequately provide reasons for striking them and fails to offer any reason it would be prejudiced should the amended counterclaims remain.

---

[1] *Compare* Docket No. 124 (original motion to dismiss) *with* Docket No. 138 (current Motion; essentially identical except for the word "amended" in front of "counterclaims," some procedural history differences, and a complete absence of the Rule 12(b)(6)/Rule 8 argument.).

1

## II. LEGAL STANDARDS

Crystal Lagoons moves to dismiss or strike Defendants' six counterclaims pursuant to the Federal Rules of Civil Procedure 8, 12(b)(6) and 12(f)—though Crystal Lagoons fails to submit any argument as to why the counterclaims should be dismissed under Rules 8 or 12(b)(6). Crystal Lagoons' argument is entirely directed at striking the counterclaims under Rule 12(f), and reference to Rules 8 and 12(b)(6) appears to be a vestigial relic that Crystal Lagoons failed to remove when revising its original motion to dismiss.

Under a Rule 12(f) motion to strike, "the court may order stricken from any pleading … any redundant, immaterial, impertinent, or scandalous matter." *MRSI Int'l, Inc. v. Bluespan, Inc.*, No. 2:05cv00896 DAK, 2006 WL 2711791, at *1 (D. Utah Sept. 21, 2006). However, "'motions to strike are not favored' and '[a]ny doubt as to the striking of a matter in a pleading should be resolved in favor of the pleading.'" *Id.* The Tenth Circuit states that "[a] court should proceed with *extreme caution* in striking a pleading." *Colorado Milling & Elevator Co. v. Howbert*, 57 F.2d 769, 771 (10th Cir. 1932) (emphasis added).

Even if Crystal Lagoons had submitted argument for dismissal of the counterclaims under Rules 8 or 12(b)(6), the liberal standard for counterclaims on a motion to dismiss together with Defendants' pleaded facts would show that the Court should not dismiss the counterclaims as inadequate. Under Rule 12(b)(6), a complaint/counterclaim will be dismissed where it does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). And whether a complaint/counterclaim "states a claim for relief is determined under Rule 8(a), which requires a 'short and plain[] statement of the claim showing that the pleader is entitled to relief." *The Beer Barrel, LLC v. Deep Wood Brew Prods., LLC*, No. 2:16-cv-00440-DN-BCW, 2016 WL 5936874,

at *3 (D. Utah Oct. 12, 2016). For counterclaims to survive a motion to dismiss, the counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Rennsli Corp. v. Winberg*, No. 2:20-cv-00247-JNP-JCB, 2021 WL 842591, at *3 (D. Utah Mar. 5, 2021). And the court must "'accept as true all well-pleaded factual allegations' in the counterclaim and view them in light most favorable to the Defendants as the counterclaimants.'" *Id.*

## III. ARGUMENT

### A. Defendants' counterclaims should not be stricken as redundant because they do not "merely mirror" Defendants' affirmative defenses.

Crystal Lagoons asserts that Defendants' counterclaims "should be dismissed with prejudice because they are all conclusory declaratory judgment counterclaims that mirror the defenses and fail to state a claim upon which relief may be granted under the Declaratory Judgment Act." (Dkt. No. 138 at 6). But Crystal Lagoons fails to show how all of Defendants' amended counterclaims are allegedly redundant. Rather, the only counterclaims Crystal Lagoons' addresses in its Motion are Defendants' counterclaims for non-infringement and patent invalidity. But even on these counterclaims, Crystal Lagoons' argument is cursory. Crystal Lagoons' entire argument is a simple copy/paste of Defendants' twelfth and fifteenth defenses regarding patent non-infringement and patent invalidity then a conclusory statement providing that the amended counterclaims are "devoid of any factual allegations and state only the conclusory statement of the desired outcome." Crystal Lagoons fails to delve into any actual analysis of the counterclaims.

### 1. Opinions from this District repeatedly reject Crystal Lagoons' request to strike counterclaims that allegedly mirror affirmative defenses.

Crystal Lagoons relies on a handful of out-of-district opinions to argue that the Court should strike counterclaims that allegedly mirror defenses. However, multiple opinions in this District have held that even if counterclaims are redundant of affirmative defenses, such duplicative counterclaims are permissible. *MRSI Int'l, Inc. v. Bluespan, Inc.*, No. 2:05-cv-00896-DAK, 2006 WL 2711791, at *1 (D. Utah Sept. 21, 2006) (the Court denying a motion to dismiss/strike counterclaims of non-infringement and invalidity even though defendant admitted "that the counterclaims are nearly identical to the two affirmative defenses" of non-infringement and invalidity); *see also Hark'n Techs. Ltd. v. Greater Performance*, No. 1:06-cv-00077-DAK, 2007 WL 2007579, at *1 (D. Utah July 6, 2007) (denying a motion to dismiss counterclaims of non-infringement and invalidity even though the counterclaims and affirmative defenses were duplicative).

For example, in *MSRI*, the Court relied on multiple U.S. Supreme Court decisions noting that there is necessarily a case or controversy sufficient to support counterclaims that are alleged "mirror images" of non-infringement and invalidity defenses. *MSRI*, 2006 WL 2711791, at *1 (D. Utah Sept. 21, 2006). "Because the possibility exists that a court will dispose of an infringement suit without going into the validity of the patents at issue, allowing a counterclaim for declaratory relief assures that a patent's validity will be determined regardless of the outcome of the infringement suit." *MRSI*, 2006 WL 2711791, at *1 (D. Utah Sept. 21, 2006).

The same can be said here—if the Court were to dispose of Crystal Lagoons' patent infringement claims it may not address the validity of the '514 Patent, and as a result, provide a basis for additional spurious lawsuits by Crystal Lagoons based on the invalid '514 Patent.

Defendants' invalidity counterclaim ensures that the '514 Patent's validity will be determined regardless. The same is true for the non-infringement claims. Crystal Lagoons has alleged that traditional swimming pool cleaning technology is an infringement of its patent. Even if Crystal Lagoons were to drop its infringement claims for fear of an exceptional case determination and award of attorneys' fees against it, Defendants would still be entitled to a determination that the accused Desert Color lagoon does not infringe to clear the issue once and for all.

The trademark claims are similar. Crystal Lagoons asserts that any utterance of the word "crystal lagoon" to describe a clear body of water—as opposed to any use in a trademark sense—is an infringement of its trademark rights. But Defendants allege that Crystal Lagoons did not remove the words "crystal lagoon" from the public lexicon nor can Crystal Lagoons overstep on the rights of others to use ordinary and descriptive words for their descriptive function. Much like the patent non-infringement counterclaim, Defendants are entitled to a declaratory judgment that ordinary, descriptive use of the words "crystal" and "lagoon" are not an infringement on any trademark rights that Crystal Lagoons may have. And because Crystal Lagoons' purported trademark is not distinctive for clear bodies of water (i.e., crystal lagoons), Defendants are also entitled to cancelation proceedings against the Crystal Lagoons' trademark registrations (an analog to patent invalidity).

Accordingly, even if Defendants' counterclaims are arguably redundant under certain circumstances, the Court should follow other decision from this District and deny Crystal Lagoons' motion.

### 2. Defendants' declaratory judgment counterclaims 5–6 for patent non-infringement and invalidity are not pleaded as redundant of Defendants' affirmative defenses and are adequately pleaded as counterclaims.

Defendants' counterclaim for a declaratory judgment of patent non-infringement is not redundant of its non-infringement defense. For example, Defendants' twelfth defense of patent non-infringement provides that "Defendants have not infringed, either literally, contributorily or under the doctrine of equivalents, or contributed to infringement by others, or actively induced others to infringe the '514 Patent." (Dkt. No. 129, p.33). In comparison, Defendants' fifth counterclaim of non-infringement of the '514 Patent provides far more detail and a sufficient factual basis for its declaratory judgment counterclaim of non-infringement, listing specific limitations that the Desert Color lagoon does not meet, such as (1) not being a water structure larger than 15,000 m$^3$; (2) not including a system of skimmers for the removal of impurities and surface oils with a fresh water feeding pipe system that allows entrance of fresh water and results in water removal by displacement of surface water through the skimmer system; (3) not including a suction device as is required by the '514 Patent; and (4) employing a traditional filtration system that does not constitute infringement of the '514 Patent. (*See* Dkt. No. 129, ¶¶ 52–61.)

Defendants' counterclaim for declaratory judgment of invalidity of the '514 Patent is not redundant of its patent invalidity defense. Defendants' fifteenth defense of patent invalidity provides that "the claims of the '514 Patent are invalid for failure to satisfy one or more of the requirements of Sections 100, 101, 102, 103, and 112 of Title 35 of the United States Code." (Dkt. No. 129 at 33.) Again, Defendants' counterclaim recites a sufficient factual basis on its counterclaim for invalidity. Defendants disclose a water structure at the Madinat Jumeriah Resort

that invalidates the '514 Patent, detailing all the elements that of the '514 Patent that the Madinat Jumeriah Resort contains. In addition to this, Defendants also list at least five other prior art references that further invalidate the '514 Patent. (*See* Dkt. 129, ¶¶ 70–79 of the Amended Counterclaims.)

This Court has held that counterclaims less detailed than Defendants' are sufficient to survive a motion to dismiss. *See Rennsli Corp. v. Winberg*, No. 2:20-cv-00247-JNP-JCB, 2021 WL 842591, at *4 (D. Utah Mar. 5, 2021) (court holding that defendants not listing specific pieces of prior art and alleging that the patent at issue "was in public use or on sale in the United States for more than a year prior to the date of the application for patent" was sufficient to survive a motion to dismiss.)

### 3. Crystal Lagoons fails to meaningfully address Defendants' counterclaims 1–4.

While Crystal Lagoons requests that the Court dismiss all six of Defendants' counterclaims, the only analysis it provides regarding the redundancy of counterclaims 1–4 is that:

> [t]he Counterclaim Plaintiff further recast defenses 5-11 as Counterclaims 1-4. That is not the purpose of the Declaratory Judgment Act. In addition, and importantly, such counterclaims are completely devoid of any factual allegations and state only the conclusory statement of the desired outcome.

(Dkt. 138 at 7). Crystal Lagoons cites to no case law to support its position that Defendants' declaratory judgment counterclaims for trademark non-infringement, trademark invalidity and cancellation, no false advertising, and no false designation or unfair competition should be dismissed. Further, while Crystal Lagoons argued for Rule 12(b)(6) dismissal of Defendants' counterclaims in its original motion to dismiss, Crystal Lagoons chose to remove its Rule 12(b)(6) argument from this Motion. (*Compare*

to Dkt. 124 at 7–11.) Nonetheless, similar to counterclaims 5 and 6, a simple comparison of the affirmative defenses and amended counterclaims shows that counterclaims 1–4 are not redundant of the affirmative defenses and each counterclaim provides a sufficient factual basis. (*Compare* Dkt. 129 at 32–33 *with* Dkt. 129 at 36–42.)

### B. Crystal Lagoons will not be prejudiced if the counterclaims remain in the case.

Finally, Crystal Lagoons cannot identify any reason as to why keeping the counterclaims in the case would prejudice it in any way. Similar to the facts of *MRSI*, there is no indication that Defendants' counterclaims will "hinder or prejudice [Crystal Lagoons] to any measurable degree." *MRSI*, 2006 WL 2711791, at *2 (D. Utah Sept. 21, 2006); *see also Hark'n Techs. Ltd. v. Greater Performance*, No, 1:06cv77DAK, 2007 WL 2007579, at *1 (D. Utah July 6, 2007) ("There is also no indication that Plaintiff is prejudiced by the presence of the Counterclaim.") Further, "[b]ecause the issues presented by [Defendants'] counterclaims are in line with those found within [the] Complaint, few judicial resources will be expended in assuring that all relevant claims are adjudicated." *MRSI*, 2006 WL 2711791, at *2 (D. Utah Sept. 21, 2006). Similarly, because Crystal Lagoons will not incur any prejudice if the counterclaims remained in the case, Crystal Lagoons' Motion to strike should be denied.

### IV. CONCLUSION

Crystal Lagoons' Motion to strike Defendants' counterclaims fails to take into account the reasons supporting decisions on the counterclaims, even if similar to affirmative defenses—such claims are dropped or otherwise disposed of but the issues that are the subject of the counterclaims are still in need of decision. Multiple opinions in this District have recognized these reasons and denied motions to strike or dismiss counterclaims based on alleged redundancy

or "mirror" counterclaims.  If the Court should determine that any of the counterclaims should be stricken or are inadequately pled, Defendants request to amend the counterclaims to address any issues identified by the Court.

Dated: August 16, 2021　　　　　　　　　　　MASCHOFF BRENNAN

　　　　　　　　　　　　　　　　　By:  */s/ Jared J. Braithwaite*
　　　　　　　　　　　　　　　　　　　　Jared J. Braithwaite
　　　　　　　　　　　　　　　　　　　　R. Parrish Freeman
　　　　　　　　　　　　　　　　　　　　Alexis K. Juergens

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants Desert Color St. George, LLC; Desert Color Manager, LLC; and Pacific Aquascape International, Inc.