Stephen M. Sansom (#10678)
Brandon T. Christensen (#16420)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT  84101
Tel: (801) 799-5897
*smsansom@hollandhart.com*
*btchristensen@hollandhart.com*

Anthony R. Zeuli *(Admitted Pro Hac Vice)*
*tzeuli@merchantgould.com*
Thomas Johnson *(Admitted Pro Hac Vice)*
*tjohnson@merchantgould.com*
Joseph Dubis *(Admitted Pro Hac Vice)*
*jdubis@merchantgould.com*
MERCHANT GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN  55402-4247
Tel: (612) 332-5300
Fax: (612) 332-9081

*Attorneys for Plaintiffs*

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH SOUTHERN REGION OF THE CENTRAL DIVISION

| | |
|---|---|
| CRYSTAL LAGOONS U.S. CORP. AND CRYSTAL LAGOONS TECHNOLOGIES INC., <br><br> Plaintiffs, <br><br> vs. <br><br> DESERT COLOR MANAGER LLC, DESERT COLOR ST. GEORGE LLC, AJ CONSTRUCTION, INC., COLE WEST HOME LLC, HOLMES HOMES, INC., SULLIVAN HOMES LLC, and PACIFIC AQUASCAPE INTERNATIONAL, INC., <br><br> Defendants. | **COUNTERCLAIM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COUNTERCLAIMS** <br><br> Case No. 2:20-cv-00851-BSJ <br><br> Judge Bruce S. Jenkins <br><br><br> **JURY TRIAL DEMANDED** |

Counterclaim Defendants Crystal Lagoons U.S. Corp. and Crystal Lagoons Technologies Inc. (collectively "Crystal Lagoons"), by and through undersigned counsel, respectfully submit this Reply in support of their Motion to Dismiss Amended Counterclaims (Dkt. 138). Counterclaim Plaintiffs' Desert Color Manager LLC's, Desert Color St. George LLC's, and Pacific Aquascape International, Inc.'s ("Defendants" or "Counterclaim Plaintiffs") opposition (Dkt. 146) mischaracterizes the counterclaims, which seek the same relief as the corresponding affirmative defenses, and ignores that the counterclaims violate the purpose of the Declaratory Judgment Act, on which all of the counterclaims rely exclusively for jurisdiction. Counterclaim Plaintiffs' efforts to add unnecessary complexity to this litigation by filing redundant counterclaims is improper. The Amended Counterclaims should be dismissed with prejudice.

## I.   Crystal Lagoons' motion to dismiss is properly brought under Rules 8, 12(b)(6), and 12(f) of the Federal Rules of Civil Procedure.

Counterclaim Plaintiffs argue that Crystal Lagoons' motion is only brought pursuant to Rule 12(f), claiming the references to Rules 8 and 12(b)(6) are vestiges from Crystal Lagoons' initial motion to dismiss counterclaims. (Dkt. 146 at 4-6.) Not true. Crystal Lagoons' motion to dismiss the amended counterclaims is properly brought under each of Rules 8, 12(b)(6), and 12(f). (Dkt. 138 at 2, 4, 8.)

Counterclaim Plaintiffs' efforts to ignore the full scope of Crystal Lagoons' argument is telling. Because the counterclaims merely mirror the relief sought by the affirmative defenses, the counterclaims violate the purpose of the Declaratory Judgment Act. *Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, 2019 U.S. Dist. LEXIS 170933, *3-4 (N.D. Tex. October 2, 2019) ("[E]ntertaining [defendant's] declaratory judgment counterclaims mirroring its affirmative defenses would not further the Declaratory Judgment Act's purpose."). Counterclaim Plaintiffs do

not argue to the contrary. Because the Declaratory Judgment Act is violated by each of the counterclaims, the pleadings fail to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," contrary to Rule 8. They also fail to state a claim upon which relief can be granted necessitating dismissal under Rule 12(b)(6).

## II.     The counterclaims are redundant to the affirmative defenses.

Counterclaim Plaintiffs' argument that the counterclaims are not redundant because the counterclaims plead additional facts not found in the affirmative defenses (Dkt. 146 at 1, 6, 9-10) lacks merit. As Crystal Lagoons showed in its moving brief, each of the counterclaims mirrors one or more affirmative defenses. (Dkt. 138 at 7.) The affirmative defenses and counterclaims are effectively indistinguishable. They contain the same legal elements, proof of the same factual predicates, and carry the same burdens. For example, the Fifteenth Defense and Sixth Counterclaim each contend that the '514 patent is invalid. (*Compare* Dkt. 129 at 33 with Dkt. 129 at 44-47.) To prove its affirmative defense and counterclaim, Defendants must prove by clear and convincing evidence that the claims of the '514 Patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103, and 112 of Title 35 of the United States Code. (*Compare* Dkt. 129 at 33 with Dkt. 129 at 44-47.) That Counterclaim Plaintiffs pled some additional facts in the Sixth Counterclaim does not change the undeniable fact that the legal elements, factual predicates, and burdens associated with invalidity are exactly the same, and thus redundant, to the affirmative defense. They should be struck under Rule 12(f) or should be dismissed under Rules 8 and 12(b)(6).

III.    **The Court should exercise its discretion and dismiss the counterclaims under the "mirror-image" rule.**

The Court has broad discretion to retain or dismiss the amended counterclaims. Counterclaim Plaintiffs rely on a 2006 District of Utah decision because that court, in its discretion, retained the counterclaims. (Dkt. 146 at 7-8.) But *MRSI Int'l, Inc. v. Bluespan, Inc.,* No. 2:05-cv-00896-DAK, 2006 WL 2711791, at *1 (D. Utah Sept. 21, 2006) is not this case and is not dispositive on this Court. The Declaratory Judgment Act grants federal courts broad discretion in determining whether to exercise jurisdiction over claims seeking declaratory judgment. *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1385 (Fed. Cir. 2010). District courts may decline to exercise jurisdiction when entertaining claims would not further the purpose of the Declaratory Judgment Act or add unnecessary complexity to the case. *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 883 (Fed. Cir. 2008); *Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (stating that a court "must make a reasoned judgment whether the investment of time and resources will be worthwhile"). And whether or not an actual controversy exists is not dispositive of whether the court must exert discretion. *Cat Tech*, 528 F.3d at 883 (citing *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991) ("When there is no actual controversy, the court has no discretion to decide the case. When there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction is discretionary.")).

The *MRSI Int'l* decision appears to be an outlier. Subsequent to that decision, courts around the country have consistently exercised their discretion and dismissed declaratory judgment counterclaims that merely mirror the claims and defenses of the original action citing the "mirror image rule." *Atl. Specialty Ins. Co. v. Midwest Crane Repair*, No. 20-CV-04013-JAR-ADM, 2020 U.S. Dist. LEXIS 167335, at *11 (D. Kan. Sep. 14, 2020) ("Courts sometimes dismiss 'mirror

4

image' counterclaims on the basis that liability will be resolved based on the claims asserted in the Complaint."); *Santan Crossing Prof'l Plaza Condo. Ass'n v. Westfield Ins. Co.*, No. CV-20-00792-PHX-SPL, 2020 U.S. Dist. LEXIS 149009, at *10 (D. Ariz. Aug. 14, 2020) ("The Court is of the opinion that the discretionary standard under the Declaratory Judgment Act is the proper standard by which to evaluate Defendant's Counterclaim and in its discretion determines that Defendant's Counterclaim should be dismissed. Indeed, the Court finds that the relief Defendant seeks through its Counterclaim is substantively identical to what the Court will necessarily adjudicate in ruling on Plaintiff's Complaint and Defendant's affirmative defenses."); *United Prop. & Cas. Ins. Co. v. Davis*, No. H-18-3227, 2019 U.S. Dist. LEXIS 146330, at *19 (S.D. Tex. Aug. 28, 2019) (collecting cases); *Pearson Educ., Inc. v. C&N Logistics, Inc.*, No. 3:18-cv-00438, 2018 U.S. Dist. LEXIS 209649, at *11 (M.D. Tenn. Dec. 12, 2018) ("Accordingly, because identity of factual and legal issues between the complaint and the counterclaim allegations related to copyright infringement exists, the declaratory judgment claim related to copyright infringement will be dismissed with prejudice. Even if, assuming arguendo, the mirror-image rule does not apply, the Court will still dismiss the First and Second Counterclaims based on its discretion under the Declaratory Judgment Act."); *Bodum USA, Inc. v. A Top New Casting Inc.*, No. 16 C 2916, 2016 U.S. Dist. LEXIS 111153, 2016 WL 4440258, at *2 (N.D. Ill. Aug. 23, 2016) (dismissing defendant's counterclaim because it "essentially present[ed] nothing more than the flip side of [the plaintiff's claims" and "add[ed] nothing to the case beyond the issues that [the plaintiff's] claims call upon the court to adjudicate").

So too here, the Court should exercise its discretion and dismiss the mirror-image counterclaims to avoid duplicative claims that add unnecessary complexity and expense. *MRSI Int'l* and Counterclaim Plaintiffs' opposition does not require otherwise.

IV.     **Counterclaim Plaintiffs' prejudice argument is erroneous and concedes that the counterclaims are redundant to the affirmative defenses.**

Counterclaim Plaintiffs contend that the counterclaims should remain because Crystal Lagoons is not prejudiced by their presence. (Dkt. 146 at 11.) Counterclaim Plaintiffs are wrong. The inclusion of invalidity counterclaims prejudices Crystal Lagoons by potentially preventing it from immediately appealing an adverse decision, for example of noninfringement—should the Court make such a determination—because a pending counterclaim may preclude the judgment from being "final." *Pause Tech. LLC v. TiVo Inc*., 401 F.3d 1290, 1294 (Fed. Cir. 2005) ("[A] pending counterclaim precludes jurisdiction absent certification under Rule 54(b) of the Federal Rules of Civil Procedure.") Typically, courts rule on infringement or invalidity, but not both. If that ruling is noninfringement, it makes no sense for the court to spend the resources to determine the validity of the patent when the infringement threat has been extinguished. Most courts refuse to do so, leaving plaintiffs in a potentially difficult situation regarding an immediate appeal. This adds unneeded complexity to these proceedings that favors dismissal of the counterclaims.

Counterclaim Plaintiffs' argument that Crystal Lagoons will not be prejudiced by the allowance of the counterclaims also undermines their argument that the counterclaims are not redundant to the affirmative defenses. Indeed, Counterclaim Plaintiffs' assertion concedes that the counterclaims are redundant to the affirmative defenses and should thus be struck. Conversely, it is Counterclaim Plaintiffs who will not be prejudiced if the counterclaims are dismissed as they will still have the same opportunities to challenge Crystal Lagoons' infringement and validity positions through the affirmative defenses. To the extent the Court weighs the balance of prejudices, the Court should dismiss the counterclaims.

## V.    Conclusion

Crystal Lagoons properly brought its motion to dismiss under Rules 8, 12(b)(6), and 12(f). Counterclaim Plaintiffs' argument that the counterclaims are not redundant to the affirmative defenses fails. Indeed, Counterclaim Plaintiffs concede that the counterclaims are redundant to the affirmative defenses by arguing that Crystal Lagoons will not be prejudiced. Finally, the recent trend of decisions dismissing counterclaims under the "mirror-image" rule is the better approach to avoid unnecessary complexity than the older, non-precedential *MRSI Int'l* decision. For all of the aforementioned reasons, Crystal Lagoons respectfully requests that the motion to dismiss the amended counterclaims be granted.

Date: August 27, 2021              By:  */s/ Stephen M. Sansom*
                                        Stephen M. Sansom
                                        Brandon T. Christensen
                                        HOLLAND & HART LLP
                                        222 South Main Street, Suite 2200
                                        Salt Lake City, UT  84101
                                        Tel: (801) 799-5897

                                        Anthony R. Zeuli *(Admitted Pro Hac Vice)*
                                        Thomas Johnson *(Admitted Pro Hac Vice)*
                                        Joseph Dubis *(Admitted Pro Hac Vice)*

                                        MERCHANT GOULD P.C.
                                        150 South Fifth Street
                                        Suite 2200
                                        Minneapolis, MN 55402-4247
                                        Tel: (612) 332-5300
                                        Fax: (612) 332-9081

                                        *Counsel for Plaintiffs*
                                        *Crystal Lagoons US Corp and Crystal Lagoons*
                                        *Technologies, Inc.*