UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CRYSTAL LAGOONS U.S. CORP.; and CRYSTAL LAGOONS TECHNOLOGIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> DESERT COLOR MANAGER, LLC, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' SHORT FORM DISCOVERY MOTION TO COMPEL DEFENDANTS TO RESPOND TO DOCUMENT REQUESTS AND INTERROGATORIES** <br> **(DOC. NO. 321)** <br><br> Case No. 2:20-cv-00851 <br><br> Chief District Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs Crystal Lagoons U.S. Corp. and Crystal Lagoons Technologies Inc. (collectively, "Crystal Lagoons") filed a motion to compel Defendants Desert Color Manager LLC and Desert Color St. George, LLC (collectively, "Desert Color") and Defendant Pacific Aquascape International, Inc. ("Pacific") to respond to discovery requests served on May 1, 2024.[1] Desert Color and Pacific oppose the motion, arguing the discovery requests are untimely and in excess of agreed-upon discovery limitations.[2] As explained below, because the discovery requests are untimely and

---

[1] (Pls.' Short Form Disc. Mot. to Compel Defs. to Resp. to Doc. Reqs. and Interrogs. ("Mot."), Doc. No. 321.)

[2] (Defs.' Opp'n to Pls.' Short Form Mot. to Compel Defs. to Resp. to Doc. Reqs. and Interrogs. ("Opp'n"), Doc. No. 322.)

1

Crystal Lagoons has had ample opportunity to obtain the information in discovery in this case, Crystal Lagoons' motion to compel[3] is denied.

## BACKGROUND

Crystal Lagoons brought this action against Desert Color, Pacific, and other defendants in December 2020, asserting claims for trademark and trade dress infringement, unfair competition, false advertising, breach of contract, conversion, and unjust enrichment.[4] The original scheduling order was entered a year later, in December 2021, setting a fact discovery deadline in May 2022.[5] During the following two years, the parties requested and received seven extensions of the fact discovery deadline.[6] The seventh amended scheduling order, entered in October 2023, set a fact discovery deadline of December 1, 2023.[7]

In November 2023, the parties filed another stipulated motion for an amended scheduling order, seeking a ninety-day extension of fact discovery and subsequent deadlines.[8] On November 28, 2023, the court granted the motion in part and denied it in part, permitting only a six-week extension of fact discovery—until January 12, 2024.[9] The court noted this case had been pending for nearly three years, and the parties had

---

[3] (Doc. No. 321.)

[4] (*See* Compl. ¶ 11, Doc. No. 2.)

[5] (Scheduling Order, Doc. No. 162.)

[6] (*See* Doc. Nos. 166, 211, 223, 235, 239, 244, 271.)

[7] (Doc. No. 271.)

[8] (Doc. No. 274.)

[9] (Doc. No. 276.)

2

been granted numerous prior discovery extensions.[10] The court also noted the parties' motion failed to explain what discovery remained or why it could not have been completed within the existing deadlines.[11]

On January 12, 2024 (the fact discovery deadline), the parties filed a stipulated motion for leave to take certain fact depositions after the deadline.[12] The parties explained they "continued to experience difficulty scheduling the remaining fact depositions during the holidays," and they requested "permission to take certain depositions beyond the January 12, 2024 deadline while maintaining the Court's present schedule."[13] The parties represented they could "take all remaining depositions (both fact and expert) by the last day for expert discovery set in the Court's current schedule, March 13, 2024, such that no overall extension to the case schedule is needed."[14] On January 16, the court granted the motion and ordered that "[t]he parties may take their remaining fact depositions and expert depositions by the deadline set for the end of expert discovery, March 13, 2024."[15]

On February 27, 2024, the parties filed another motion to amend the scheduling order.[16] The motion explained that Crystal Lagoons' counsel had recently transitioned

---

[10] (*Id.* at 1.)

[11] (*Id.*)

[12] (Doc. No. 279.)

[13] (*Id.* at 2.)

[14] (*Id.* (emphasis omitted).)

[15] (Doc. No. 280.)

[16] (Doc. No. 287.)

3

to a new law firm, were still in the process of transferring the voluminous case file, and lacked access to certain documents needed to complete the remaining depositions.[17] The motion also stated that certain fact and expert witnesses' schedules had caused additional difficulties with scheduling the remaining depositions.[18] The parties identified fourteen depositions which remained,[19] and they requested a "brief continuance" of fact and expert discovery deadlines to May 31, 2024, to "allow the parties to complete the foregoing depositions."[20] On February 28, the court granted the motion, set a May 31, 2024 deadline for the close of fact discovery and expert discovery, and stated no further extensions would be granted.[21]

On May 1—thirty days before the fact discovery deadline—Crystal Lagoons served new written discovery requests, consisting of nine interrogatories and thirty-three document requests to Desert Color, and eleven interrogatories and thirty-four document requests to Pacific.[22] On May 31, Desert Color and Pacific served objection-only responses, objecting to the requests on numerous grounds including untimeliness, and declining to further respond.[23]

---

[17] (*See id.* at 2–3.)

[18] (*Id.* at 3.)

[19] (*Id.* at 3–4.)

[20] (*Id.* at 4.)

[21] (Doc. No. 288.)

[22] (*See* Mot. 1, Doc. No. 321; Exs. 1–4 to Mot., Doc. Nos. 321-1–321-4 (Desert Color's and Pacific's objections and responses to the discovery requests).)

[23] (*See* Exs. 1–4 to Mot., Doc. Nos. 321-1–321-4.)

On July 9, Desert Color and Pacific filed a motion for summary judgment[24] (on the deadline for filing such motions[25]), along with motions to exclude expert testimony[26] and a motion in limine.[27]  A week later, on July 16, 2024—six weeks after the close of fact discovery—Crystal Lagoons filed the instant motion to compel Desert Color and Pacific to respond to the May 1 discovery requests.[28]

## ANALYSIS

Crystal Lagoons argues the May 1 discovery requests are timely because the court's February 28, 2024 order set May 31 as the "[c]lose of fact discovery"[29] and "never foreclosed timely written discovery."[30]  Crystal Lagoons also claims that the parties' joint motion which preceded this order "did not limit the purpose of [the] request to complete fact and expert depositions, though it was cited as a reason for a continuance."[31]  Crystal Lagoons further argues the discovery requests are proportionate and comply with all applicable numerical limitations.[32]  In opposition,

---

[24] (Doc. No. 311.)

[25] (*See* Doc. No. 293 (extending the deadline to file dispositive motions to July 9, 2024).)

[26] (Doc. Nos. 307, 315.)

[27] (Doc. No. 310.)

[28] (Mot., Doc. No. 321.)

[29] (*Id.* at 2 (quoting Doc. No. 288).)

[30] (*Id.*)

[31] (*Id.* (citing Doc. No. 287).)

[32] (*See id.* at 2–3.)

Desert Color and Pacific argue the discovery requests are untimely, overbroad, disproportionate, and exceed the numerical limitations agreed upon by counsel in their attorney planning meeting.[33]

As explained below, Crystal Lagoons' motion to compel is denied because (1) the May 1 discovery requests are untimely under the court's scheduling orders, and (2) the requests are impermissible under Rule 26(b)(2)(C)(ii) of the Federal Rules of Civil Procedure, where Crystal Lagoons had ample prior opportunity to obtain the requested information.

**A. The discovery requests are untimely under the scheduling orders.**

Crystal Lagoons' May 1 discovery requests are untimely under the applicable scheduling orders. The last order which extended the deadline for all fact discovery (without limitation as to the method of discovery) was the court's November 28, 2023 order extending the fact discovery deadline to January 12, 2024.[34] This order expressly noted the parties did not specify what discovery remained,[35] and the underlying motion did not limit the request for extension to any particular discovery method.[36]

All subsequent extensions of fact discovery were limited to depositions. The court's January 16, 2024 order permitted the parties to "take their remaining fact depositions and expert depositions" by March 13.[37] The parties then moved for an

---

[33] (*See* Opp'n, Doc. No. 322.)

[34] (*See* Doc. No. 276.)

[35] (*Id.* at 1.)

[36] (*See* Doc. No. 274.)

[37] (Doc. No. 280.)

extension of fact and expert discovery on February 27, specifically for the purpose of completing fourteen identified fact and expert depositions.[38] Contrary to Crystal Lagoons' argument, the motion expressly stated the extension was to "allow the parties to complete the foregoing [listed] depositions."[39] The parties did not request an extension of fact discovery for any other purpose. Indeed, fact discovery for other discovery methods had been closed since January 12, and the parties did not seek to reopen it as to other methods. Accordingly, the court's February 28 order[40] granting the motion can only be interpreted as granting precisely what the parties asked for— namely, an extension of discovery *for the purpose of completing the fourteen identified depositions*. Nowhere does the order state that fact discovery was being reopened for methods other than the depositions identified in the motion. Thus, the May 31, 2024 discovery deadline applied to depositions only.

Because fact discovery for other discovery methods closed on January 12, and subsequent extensions applied only to depositions (per the parties' own requests), Crystal Lagoons' May 1 written discovery requests were untimely. Therefore, Crystal Lagoons' motion to compel is denied.

### B. The discovery requests are impermissible under Rule 26(b)(2)(C)(ii).

Crystal Lagoons' motion to compel must also be denied pursuant to Rule 26(b)(2)(C)(ii) of the Federal Rules of Civil Procedure. This rule provides: "On motion or

---

[38] (*See* Doc. No. 287.)

[39] (*Id.* at 4.)

[40] (Doc. No. 288.)

on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."[41]

Crystal Lagoons has had ample opportunity to propound written discovery and obtain the requested information in this case. Fact discovery began in December 2021 and remained open as to all methods for more than two years. In early January 2024, and again in late February, the parties, including Crystal Lagoons, made written representations to the court that the only remaining fact discovery to be completed was depositions. The court granted limited fact discovery extensions based on those representations. Crystal Lagoons offers no reason why it could not have obtained the requested information during the first two years of discovery—before it represented to the court (and opposing parties) that no fact discovery remained other than depositions. Under these circumstances, Crystal Lagoons' attempt to propound new written discovery requests months later, on May 1, 2024, is impermissible.[42] At this stage, particularly given the parties' prior representations, it was simply too late to pursue new written discovery requests.

In sum, where Crystal Lagoons had ample prior opportunity to obtain the requested information, and Crystal Lagoons propounded the requests months after representing to the court that the only remaining fact discovery was depositions, Crystal

---

[41] Fed. R. Civ. P. 26(b)(2)(C)(ii).

[42] This is particularly true given the late stage of the case. Crystal Lagoons filed its motion to compel six weeks after the final May 31 discovery deadline, and a week *after* dispositive motions were filed.

8

Lagoons is prohibited from pursuing the May 1, 2024 discovery requests pursuant to Rule 26(b)(2)(C)(ii).

## CONCLUSION

Because the discovery requests at issue are untimely and Crystal Lagoons has had ample prior opportunity to obtain the information in discovery in this case, Crystal Lagoons' motion to compel[43] is denied.

DATED this 7th day of October, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[43] (Doc. No. 321.)